## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD BURT, # N-60788,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| **vs.**     ) | **Case No. 13-cv-00794-GPM** |
| ) | |
| **J. BERNER, RICK HARRINGTON,**     ) | |
| **D. DUNN, FUENTES, SAM NWAOBASI,**     ) | |
| **ANGELA CRAIN, PAYNE,**     ) | |
| **LATANYA WILLIAMS, JANE DOE #1,**     ) | |
| **JOHN DOE #2, JANE DOE #3,**     ) | |
| **JOHN DOE #4, JOHN/JANE DOE #5,**     ) | |
| **JOHN/JANE DOE #6, JOHN DOE #7,**     ) | |
| **JOHN/JANE DOE #8, JOHN DOE #9,**     ) | |
| **and JOHN DOE #10,**     ) | |
| ) | |
| **Defendants.**     ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ronald Burt, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that during his incarceration at Menard and Stateville Correctional Center ("Stateville"), Defendants conspired to violate his First, Eighth, and Fourteenth Amendment rights.  He seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff has sued various members of Stateville's medical staff and Menard's correctional and medical staff for conspiring to deprive him of adequate medical treatment for a back injury (Doc. 1).  In the complaint, Plaintiff alleges that he suffers from degeneration of his cervical spine as a result of an unspecified pre-existing injury (Doc. 1, p. 3).  Over the years, a lack of medical treatment has exacerbated Plaintiff's injury and caused him to suffer from chronic pain and mental anguish.  Plaintiff fears that his injuries may become permanent and could lead to paralysis.

Plaintiff alleges that Defendants worked together to deprive him of adequate medical treatment for his back injury.  At Stateville, Defendants Williams (medical director) and John Doe #10 (doctor) ignored Plaintiff's written requests for pain medication and treatment (Doc. 1, p. 5).  Although a doctor examined Plaintiff and prescribed him pain medication on August 24, 2011, the doctor, who Plaintiff did not name as a defendant, failed to recommend any other treatment.

At Menard, Plaintiff faced similar hurdles to treatment.  Upon transferring there in April 2012, Plaintiff informed Defendant Jane Doe #1 (intake nurse) of his back, neck, and spine injuries and his chronic pain.  After a cursory examination, Defendant Doe #1 failed to order Plaintiff nonprescription pain medication, refer him to a doctor for further treatment, or provide him with a lower gallery and/or bunk prescription (Doc. 1, p. 5).  Between April and October 2012, Plaintiff had difficulty obtaining refills of his pain medication or any other form of treatment (Doc. 1, pp. 5-6).  Plaintiff filed four grievances with Defendant John Doe #2 (medical director) on October 11th, 23rd, and 26th and November 1st, seeking a refill of his pain

medication and spine surgery (Doc. 1, p. 6).   He did not meet with a nurse until November 2, 2012, and, even then, only to discuss pain medication.

From April 2012 until June 2013, Plaintiff made numerous verbal requests for pain medication and medical treatment to Defendants Berner (correctional officer), Dunn (sergeant), and Payne (counselor) (Doc. 1, p. 7).   Defendants refused to do anything for Plaintiff.   He filed numerous grievances, which were ignored.   Plaintiff received no pain medication from December 20, 2012, through July 18, 2013.

Plaintiff claims that Defendant Nwaobasi (doctor) repeatedly denied him adequate medical care (Doc. 1, pp. 6-7).   Defendant Nwaobasi met with Plaintiff and prescribed him Lubriderm and Motrin on November 3, 2012 (Doc. 1, p. 6).   During a follow-up visit on December 1, 2012, Defendant Nwaobasi increased Plaintiff's pain medication and scheduled an x-ray of his right cervical spine.   The x-ray was taken on December 5, 2012, and showed degeneration.   Plaintiff was supposed to attend a follow-up appointment with Defendant Nwaobasi in early February 2013, but did not.   Plaintiff submitted four written requests for the follow-up appointment to Defendants Nwaobasi and Crain (nurse) on February 13th, March 3rd, April 12th, and May 19th (Doc. 1, pp. 6-7).   When Plaintiff finally met with Defendant Nwaobasi on July 18, 2013, he received a prescription for Ibuprofen (400 mg), but no further treatment recommendations or referrals.

On July 8, 2013, Plaintiff attended an appointment with Defendant Fuentes (doctor) (Doc. 1, p. 7).   Defendant Fuentes refused Plaintiff's request for pain medication after telling him that there was nothing wrong with his back, neck, or spine.

Plaintiff now raises a First Amendment claim against Defendants for violating his freedom of expression because he cannot write, draw, or paint very well anymore (Doc. 1, p. 4).

He raises an Eighth Amendment claim for the denial of adequate medical care and seeks a referral to a spine specialist for surgery.  Plaintiff also asserts a Fourteenth Amendment claim against Defendants for ignoring his grievances.  Finally, Plaintiff raises a civil conspiracy claim and state law negligence claim against Defendants.

## **DISCUSSION**

The Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's medical needs.

**Count 2:**  Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances.

**Count 3:**  First Amendment claim against Defendants for infringing on Plaintiff's freedom of expression.

**Count 4:**  Civil conspiracy claim against Defendants for conspiring to deny Plaintiff adequate medical care.

**Count 5:**  State law negligence claim against Defendants for falling below the applicable standard of care in administering Plaintiff's medical care.

## **Count 1 – Deliberate Indifference to Medical Needs**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim for deliberate indifference to Plaintiff's back injury and chronic pain (**Count 1**) against Defendants Berner, Harrington,[1] Dunn, Fuentes, Nwaobasi,

---

[1] Defendant Harrington is the warden of Menard.  The complaint does not include any allegations suggesting that Defendant Harrington personally participated in a constitutional violation.  However, the

Crain, Payne, Doe #1, Doe #2, Williams, and Doe #10. Therefore, Plaintiff shall be allowed to proceed on Count 1 against these defendants.

However, Plaintiff has not included sufficient allegations in the complaint to indicate the personal participation of Defendants Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, Doe #8, or Doe #9 in this constitutional violation. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, to be held liable under § 1983, a defendant must have participated directly in the constitutional violation.

Despite naming Defendants Doe #3, Doe #4, Doe #5, Doe #7, Doe #8, and Doe #9 in the caption of the complaint, the statement of claim contains no substantive allegations against these defendants. Therefore, the Court is unable to ascertain what claims, if any, Plaintiff has against them. The reason that plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims is to put the defendants on notice of the claims brought against them so that they can properly answer the complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's

---

Court is allowing Plaintiff to proceed against Defendant Harrington because Plaintiff seeks injunctive relief. Defendant Harrington has the authority to order the injunctive relief if Plaintiff's request is granted by the Court; he shall, therefore, remain in this action for that reason. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

name in the caption.").  Plaintiff cannot proceed on Count 1 against Defendants Doe #3, Doe #4, Doe #5, Doe #7, Doe #8, and Doe #9.

Plaintiff has also failed to state an Eighth Amendment claim against Defendant Doe #6. To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  This involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint is devoid of any allegations suggesting that Defendant Doe #6 exhibited deliberate indifference toward Plaintiff's medical needs.  Defendant Doe #6, who is a Menard medical staff member, is mentioned only once in the statement of claims (Doc. 1, p. 5).  It appears that this Defendant reviewed Plaintiff's records and told Plaintiff he attended an appointment at Stateville on August 24, 2011.  Relaying this information to Plaintiff does not give rise to a constitutional claim under the Eighth Amendment.

In summary, Plaintiff shall be allowed to proceed on Count 1 against Defendants Berner, Harrington, Dunn, Fuentes, Nwaobasi, Crain, Payne, Doe #1, Doe #2, Williams, and Doe #10. He shall not be allowed to proceed on Count 1 against Defendants Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, Doe #8, or Doe #9.

**Count 2 – Failure to Respond to Grievances**

Plaintiff has failed to articulate a colorable claim against Defendants for ignoring his grievances, in violation of his rights under the Fourteenth Amendment (**Count 2**).  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process

Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Plaintiff has failed to state a claim for relief under the Fourteenth Amendment, and Count 2 shall be dismissed with prejudice.

**Count 3 – Denial of Freedom of Expression**

Plaintiff has also failed to state a claim against any defendant for violation of his freedom of expression under the First Amendment (**Count 3**). The complaint suggests that Defendants infringed on Plaintiff's ability to express himself through art and writing by denying him treatment for his back. This claim does not fall under the First Amendment.

In *Turner v. Safley*, the United States Supreme Court recognized the limited nature of a prison inmate's First Amendment rights and articulated a standard applicable to prison regulations and practices that restrict an inmate's freedom of expression: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 90-91 (1987). Factors to be considered, include whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it," whether "alternative means of exercising the right remain open to prison inmates," and also if an alternative regulation could "fully accommodate the prisoner's right at *de minimus* cost to valid penological interests." *Id.* Plaintiff does not complain of a prison regulation or practice of denying an inmate's freedom of expression. He complains that his untreated, or improperly treated, injury has impacted his other physical activities. This claim is covered by the Eighth Amendment and is addressed above. Accordingly, Count 3 shall be dismissed from this action with prejudice.

## Count 4 – Civil Conspiracy

After fully considering the allegations in Plaintiff's complaint, the Court finds Plaintiff has articulated a colorable conspiracy claim (**Count 4**).  Civil conspiracy claims are cognizable under § 1983.  *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983).  "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date. . . ."  *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).  *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).  However, conspiracy is not an independent basis of liability in §1983 actions.  *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).  Therefore, Plaintiff shall be allowed to proceed with Count 4 against those defendants who remain in this action by virtue of Plaintiff's Eighth Amendment claim.  This includes Defendants Berner, Dunn, Fuentes, Nwaobasi, Crain, Payne, Doe #1, Doe #2, Williams, and Doe #10.  Plaintiff shall not be allowed to proceed with Count 4 against Defendants Harrington,[2] Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, Doe #8, or Doe #9.

## Claim 5 – Negligence

Plaintiff also raises a negligence, or "medical malpractice," claim (**Count 5**), based on the same conduct that gave rise to his Eighth Amendment claim.  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).  However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over

---

[2] Defendant Harrington remains in this action only because Plaintiff seeks injunctive relief, and he is the Menard official who will carry out the terms of any injunction.

related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3]  A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

_____

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod*, 223 F.3d at 613. However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits. Therefore, Count 5 is subject to dismissal. Plaintiff shall be allowed 60 days from the date of this order to file the required affidavits for Defendants Berner, Dunn, Fuentes, Nwaobasi, Crain, Payne, Doe #1, Doe #2, Williams, and Doe #10. Because the Court is not allowing Plaintiff to proceed against any other defendants, with the exception of Defendant Harrington for injunctive relief, Plaintiff's negligence claim against the remaining defendants shall be dismissed without prejudice. Should Plaintiff fail to timely file the required affidavits, Count 5 shall become a **dismissal with prejudice**. *See* FED. R. CIV. P. 41(b).

## PENDING MOTIONS

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for further consideration.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **DOE #3, DOE #4, DOE #5, DOE #6, DOE #7, DOE #8,** and **DOE #9** are dismissed from this action **with prejudice**.

**IT IS ALSO ORDERED** that as to the negligence, or medical malpractice, claim in **COUNT 5** against Defendants **BERNER, DUNN, FUENTES, NWAOBASI, CRAIN, PAYNE, DOE #1, DOE #2, WILLIAMS,** and **DOE #10**, this claim is dismissed at this time *without* prejudice.  Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 60 days of the date of this order (**on or before November 25, 2013**).  Should Plaintiff fail to timely file the required affidavits, **COUNT 5** shall become a dismissal **with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **BERNER HARRINGTON, DUNN, FUENTES, NWAOBASI, CRAIN, PAYNE,** and **WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including expedited discovery aimed at identifying the unknown defendants and a decision on Plaintiff's motion to appoint counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge