IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD BURT, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:13-cv-794-NJR-DGW
 )
RICK HARRINGTON, SAM NWAOBASI,)
and JANE DOE #1, )
 )
    Defendants. )

### ORDER

**WILKERSON, Magistrate Judge:**

    Now pending before the Court are the Motion for Leave to File Amended Complaint filed by Plaintiff (Doc. 103), the Motion for Protective Order filed by Defendant Nwaobasi (Doc. 107), the Motion to Compel filed by Plaintiff (Doc. 117), and the Motion for Leave to File Supplement filed by Plaintiff (Doc. 122). For the reasons set forth below, the Motion for Leave to File Amended Complaint is **GRANTED**, the Motion for Protective Order is **DENIED WITHOUT PREJUDICE**, the Motion to Compel is **DENIED WITHOUT PREJUDICE**, and the Motion for Leave to Supplement is **DENIED**.[1]

    After considering whether Plaintiff exhausted his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), Plaintiff was permitted to proceed on Count 1 of the Complaint, alleging that Defendants Dr. Samuel Nwaobasi and Jane Doe # 1 were deliberately indifferent to his chronic back and neck pain while he was housed at the Menard Correctional Center beginning in April, 2012 (102).

---

[1] Plaintiff draws the Court's attention to a case in the Northern District of Illinois concerning medical care provided by the Illinois Department of Corrections; and, in particular, an expert report recently filed in that case. While the contents of the report may have some relevance to Plaintiff's claims, they are not relevant to whether leave to amend should be granted in this matter.

Plaintiff now seeks to amend his complaint in order to assert additional claims and add a previously dismissed Defendant.[2] The proposed pleading outlines Plaintiff's chronic back and neck pain beginning prior to 2007. Plaintiff claims that Defendant Frierdich treated him on April 16, 2012 but that the treatment was inadequate. Pain medication given from April 2012 to October 2012 was insufficient to treat his condition. He further was denied pain medication and necessary surgery by Defendants Wexford, Nwaobasi, Trost, "and other Defendants" throughout 2012 and 2013. In reviewing an October 23, 2012 grievance, Plaintiff claims that Defendant Crain refused to take any action despite his obvious condition. Various medical requests submitted to Defendants Nwaobasi and Crain in 2013 for follow-up visits and copies of his x-rays were refused. Plaintiff then was given inadequate medical treatment by Defendant Moldenhauer on July 17, 2013 after having been denied pain medication for the previous 7 months. He then was denied adequate medical care by Defendant Hamby on November 26, 2013 and by Defendant Trost on December 24, 2013. Finally, Plaintiff asserts that Wexford Health Sources, Inc. maintains an unconstitutional policy and practice of denying adequate medical treatment in order to save money – resulting in denial of adequate health care for an 8 year period. Plaintiff sets forth one claim of deliberate indifference claim in Count 1 as to each Defendant.[3]

Defendants argue that the proposed pleading is futile because of the District Court's findings as to exhaustion and because allowing additional claims against new Defendants would unnecessarily delay this proceedings. The Court notes that there is no deadline in this case for the filing of amended pleadings and that this matter has been delayed because of the extended time period required to resolved the issue of exhaustion as to the previously named Defendants.

---

[2] Plaintiff seeks to add as Defendants Angela Crain (who had previously been dismissed on April 14, 2015) and Michael Moldenhauer, Lakeisha Hamby, John Trost, Chad Frierdich (who appears to be Jane Doe #1), and Wexford Health Sources, Inc., who are new Defendants. Each Defendant is being sued in their individual and official capacities and are alleged to have worked or operated at Menard.

[3] It is unclear why Plaintiff is suing all Defendants, including Wexford, in their official and individual capacities.

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires.  Leave to amend should be given unless there is a reason to deny leave such as undue delay or prejudice.  *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 f.3d 343, 357-358 (7th Cir. 2015).   There is no justification for denying leave in this matter.   There is no deadline for amendments.   Plaintiff sought leave immediately after the threshold jurisdictional issue was determined.   And, there has been no argument that the amendments are futile.   While the Court is mindful that allowing an amendment would result in delay to the existing Defendants, it does not follow that the delay was caused by Plaintiff's actions or that they would suffer prejudice.   Accordingly, leave to amend is **GRANTED** and Plaintiff shall file his amended complaint by **December 14, 2015**.

This matter is further set for a Telephonic Scheduling/Status Conference on **December 16, 2015 at 3:00 p.m.**   At that Conference, the parties should be prepared to discuss the schedule in this matter with the intent that a trial be set for the Summer of 2016.   The parties should also be prepared to discuss in detail the timing and nature of discovery.   The Court assumes that the parties already have exchanged initial disclosures and encourages the parties to keep in mind the new Federal Rule of Civil Procedure 26(b) that discovery requests be proportional to the needs of the case.   In anticipation of the conference, the two discovery motions (Docs. 107 and 117) are **DENIED WITHOUT PREJUDICE**.   The Court intends to consider any discovery dispute informally and shall do so at the conference.   The parties may submit by e-mail proposed schedules to the Court, agreed or otherwise, by **December 15, 2015**.

**IT IS SO ORDERED.**

**DATED: December 10, 2015**

                        **DONALD G. WILKERSON**
                        **United States Magistrate Judge**