IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BURT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-794-NJR-DGW |
| ) | |
| RICK HARRINGTON, SAM NWAOBASI, ) | |
| ANGELA CRAIN, MICHAEL ) | |
| MOLDENHAUER, LAKEISHA HAMBY, ) | |
| DR. JOHN TROST, CHAD FRIERDICH and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

**42 U.S.C. § 1983 SCHEDULING ORDER**

**WILKERSON, Magistrate Judge:**

The parties are reminded that they may, pursuant to Federal Rule of Civil Procedure 29, modify discovery dates occurring prior to the close of discovery, by agreement, without the Court's involvement, provided that neither the discovery cutoff and dispositive motion deadlines nor the settlement conference date are affected.

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court.

Disclosures or discovery under Rule 26(a) of the Federal Rules of Civil Procedure are to be filed with the Court only to the extent required by the final pretrial order, other order of the Court, or if a dispute arises over the disclosure or discovery.

**I.    Initial Disclosures and Pretrial Filings**

    A.    The Court assumes that the parties who have entered and appearance have exchanged initial disclosures and initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34. To the extent that they

        have not been served, they shall be served on opposing parties by **January 29, 2016**.

    B.    Any party entering an appearance after the date of this Order shall make the required disclosures within 20 days from his appearance in this case.  Plaintiff will make his required disclosures within 20 days from the new party's appearance.

    C.    The Court does not anticipate any additional motions to amend the pleadings.

**II.**    **Discovery**

    A.    Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond.

    B.    Defendants are granted leave to depose Plaintiff pursuant to Rule 30(a)(2) by **April 15, 2016**.

    C.    Defendants' deposition shall be taken by **May 20, 2016**.

    D.    The parties are granted leave to depose other incarcerated person pursuant to Rule 30(a)(2) by agreement provided that the number does not exceed 2 each.  If the parties wish to depose more than 2 incarcerated persons, they shall seek leave of Court.

    E.    If the parties believe that expert discovery is necessary, they must file a motion by **March 4, 2016**.

    F.    All discovery shall be completed by **July 22, 2016**.  Pursuant to Fed.R.Civ.P. 26(e), the parties are under an ongoing obligation to supplement the disclosures and production in this case.

**III.    Dispositive motions**

    A.    Any dispositive motion raising the affirmative defense of *failure to exhaust administrative remedies* **by Defendants added by the Amended Complaint (Doc. 125)** shall be filed by **March 21, 2016.** Upon the filing of a dispositive motion raising the *affirmative defense of failure to exhaust administrative remedies*, the following procedures shall apply:

        1.    Along with the motion, Defendant shall serve upon Plaintiff copies of all documents relevant to the issue of exhaustion.

        2.    In responding to the motion, Plaintiff shall serve upon Defendant copies of all documents in his possession relevant to the issue of exhaustion.

        3.    The filing parties should not conduct discovery on the merits until the question whether of Plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). All other Defendants shall continue to conduct discovery.

        4.    A hearing on the issue of exhaustion of administrative remedies will be set, if necessary, by separate Order.

        5.    Any party that elects to file a motion for summary judgment on the issue of exhaustion is **DIRECTED** to review the District Court's Order on exhaustion as raised by some Defendants in this matter (Doc. 102). The Court is disinclined to hear arguments that merely would repeat arguments made by any Defendant that have been rejected by the Court.

    B.    All other dispositive motions shall be filed by **August 12, 2016**.

### IV. Trial Schedule

A. Extensions of these deadlines will only be granted in the rarest of circumstances, as the usual difficulties and delays associated with prisoner litigation have been taken into account in setting the pretrial schedule.

B. If the parties believe that a settlement conference would be beneficial, they should contact chambers.

C. A telephonic pretrial conference is **SET** for **December 1, 2016 at 2:00 p.m.** before United States Magistrate Judge Donald G. Wilkerson. Defendant (Wexford) to initiate the conference call.

D. A final pretrial conference is **SET** on **December 13, 2016 at 10:30 a.m.** before United States District Judge Nancy J. Rosenstengel. Parties should consult Judge Rosenstengel's case management procedures, located on the Court's webpage, for instructions.

E. Trial is hereby set before District Judge Nancy J. Rosenstengel on **January 10, 2017 at 9:00 a.m.**

**IT IS SO ORDERED**

**DATED: January 20, 2016**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**