IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD E. BURT, #N-60788, )
)
    Plaintiff, )
)
vs. ) Case No. 3:13-cv-794-NJR-DGW
)
S. NWAOBASI, et al., )
)
    Defendants. )

# FINAL PRETRIAL ORDER

**ROSENSTENGEL, District Judge:**

I. **COUNSEL OF RECORD**

    **Attorneys for Plaintiff:**

    Ronald A. Norwood, 600 Washington Avenue, Suite 2500, St. Louis, Missouri 63101, (314) 444-7600, rnorwood@lewisrice.com

    Benjamin A. Lipman, 600 Washington Avenue, Suite 2500, St. Louis, Missouri 63101, (314) 444-7600, blipman@lewisrice.com

    **Attorneys for Defendants Trost and Nwaobasi:**

    Timothy P. Dugan, Cassiday Schade LLP, 100 North Broadway, Suite 1580, St. Louis, Missouri 63102, (314) 241-1377, tdugan@cassiday.com

    Edward Khatskin, Cassiday Schade LLP, 100 North Broadway, Suite 1580, St. Louis, Missouri 63102, (314) 241-1377, ekhatskin@cassiday.com

    **Attorneys for Defendant Alex Jones:**

    Max Boose, Assistant Attorney General, 500 South Second Street, Springfield, Illinois 62706, (217) 557-0261, mboose@atg.state.il.us

## II. NATURE OF THE CASE

Plaintiff, Ronald Burt, alleges the defendants violated his constitutional right to medical treatment by showing deliberate indifference to his serious medical needs. Defendants John Trost and Sam Nwaobasi deny Plaintiff had a serious medical need and that they were deliberately indifferent to it.

Defendant Alex Jones is party to this case in his official capacity only, and exclusively to perfect such injunctive relief as is ordered by the Court.

## III. SUBJECT MATTER JURISDICTION

This is an action for damages and injunctive relief. The basis for the Court's subject matter jurisdiction over Plaintiff's Constitutional claims is under 28 U.S.C. § 1343(a)(3), because this action arises under 42 U.S.C. § 1983 and concerns the redress of the deprivation of rights provided for by the Constitution of the United States. The Court's jurisdiction is also founded upon 28 U.S.C. § 1331 because this action arises under a federal statute and concerns a federal question. The existence of subject matter jurisdiction is not contested.

## IV. UNCONTROVERTED FACTS

The following facts are not disputed:

1. Plaintiff was, and is an inmate at Menard Correctional Center continuously from 2012 to the present.
2. Dr. Nwaobasi was a doctor at Menard Correctional Center from May 4, 2009 to August 2014.
3. Dr. Trost was a Medical Director at Menard Correctional Center from November 25, 2013 to March 17, 2017.
4. Alex Jones is the Acting Warden of Menard Correctional Center and is sued in his official capacity only for the purpose of implementing injunctive relief, if ordered.

The Parties request the Court to convey the facts to the Jury.

## V. CONTROVERTED FACTS

1. Whether Defendants were deliberately indifferent to Plaintiff's medical needs.

## VI. AGREED TO ISSUES OF LAW

The parties have not identified any agreed to issues of law.

## VII. WITNESSES

Plaintiff intends to call the following witnesses:

1. Ronald Burt
2. John Trost, M.D.
3. Sam Nwoabasi, M.D.
4. Roderick Matticks D.O.
5. Nickolas Little
6. Rick Harrington
7. Frank Petkovich, M.D.
8. Jacqueline Lashbrook

Plaintiff may call the following witnesses:

1. Angela Crain
2. Lakeisha Hamby
3. Michael Moldenhauer

Defendants John Trost and Sam Nwaobasi intend to call the following witnesses:

1. Frank Petkovich, M.D.
2. Ronald Burt
3. John Trost, M.D.
4. Sam Nwoabasi, M.D.
5. Roderick Matticks D.O.

Defendants John Trost and Sam Nwaobasi may call the following witnesses:

1. Nurse Practitioner Michael Moldenhauer
2. Nurse Lakesha Hamby
3. Record Keeper for Menard Correctional Center
4. Alex Jones (Acting Warden)
5. Nick Little
6. Defendant reserves the right to elicit testimony from any witness Plaintiff identifies in his Rule 26(a)(3) disclosures.

Defendant Alex Jones intends to call the following witnesses:

1. Ronald Burt
2. John Trost, M.D.
3. Samuel Nwaobasi, M.D.

Defendant Alex Jones may call the following witnesses:

1. Dr. Roderick Matticks
2. Nick Little
3. Nurse Practitioner Michael Moldenhauer
4. Nurse Lakesha Hamby
5. Record Keeper for Menard Correctional Center
6. Alex Jones
7. Additional witnesses stated in Plaintiff's pretrial disclosures

The Court notes that Plaintiff intends to object to efforts by Defendant Jones to independently to call any witnesses as he is a party for purposes of injunctive relief only. Plaintiff has indicated to the Court he understands Defendant Jones may examine witnesses when called by other parties.

VIII. **EXHIBITS**

Plaintiff expects to offer the following documents:

1. Medical records beginning with 1/31/07 (Defendant's Deposition Exhibit 1, used in Burt deposition)
2. Report on 10/24/1996 exam of Plaintiff by Dr. Silberstein, Bates No. MEN 00643
3. Wexford contract with IDOC
4. Wexford utilization management policies
5. Various medical articles and booklets more fully listed in Plaintiff's Rule 26(a)(3)(A) disclosure (Doc. 232)
6. Three pages from Dr. Petkovich's website

Plaintiff may offer the following documents:

1. Medical records beginning with 1/16/09 (Plaintiff's Exhibit 2)
2. Medical records from OneRadiology dated 12/05/12
3. X-rays of Ronald Burt
4. Medical records MEN 001498 - MEN01604 (Plaintiff's Depo. Exh. 2 - used in Nwaobasi Deposition)
5. Medication Administration Records

6. Illinois Department of Corrections Offender (IDOC) Outpatient Progress Notes
7. IDOC x-ray report dated 7/8/09
8. Various pleading and other documents submitted to the Court, more fully listed in Plaintiff's Rule 26(a)(3)(A) disclosure (Doc. 232)
7. IDOC Review Board Return of Grievance or Correspondence dated 12/2/13 and 12/16/13
9. Correspondence from IDOC dated 6/24/14
10. Documents from Clinical Services Supervisor and Record Office Supervisor at Menard Correctional Center received via subpoena dated 11/27/13
11. IGRV Inmate History
12. IDOC Offender Outpatient Progress Notes dated 12/20/13
13. IDOC Grievance dated 10/23/12

Defendants John Trost, Sam Nwaobasi and Alex Jones expect to offer the following documents:

1. Medical Records of Plaintiff (produced to Plaintiff on CD accompanying Dr. Trost's Interrogatories to Plaintiff on 3/7/17)
2. Additional Plaintiff's Medical Records (produced to Plaintiff on CD accompanying Dr. Trost's Interrogatories to Plaintiff on 3/7/17)
3. Selected Medical Records utilized as the Medical Records Exhibit Attached to MSJ
4. Plaintiff's X-ray Film in Possession of Defendants

Defendants John Trost, Sam Nwaobasi and Alex Jones may offer the following documents:

1. X-ray films and other illustrations of Patients with Scoliosis to be used as demonstratives
2. X-ray films and other illustrations of Patients with Degenerative Disk Disease to be used as demonstratives
3. Plaintiff's ARB Grievance Records
4. Plaintiff's Grievance Records from Menard Correctional Center
5. Plaintiff's CHAMPS Summary
6. Plaintiff's Answers to Dr. Trost's First Interrogatories Directed to Plaintiff
7. Plaintiff's Responses to Defendants' Requests for Production Directed to Plaintiff and any attached documents
8. Plaintiff's Answers to Dr. Nwaobasi's First Interrogatories Directed to Plaintiff
9. Plaintiff's Supplemental Responses to Defendants' Request for

Production and any attached documents
   10. Plaintiff's Supplemental Responses to Defendants' Request for Production
   11. Plaintiff's Deposition Transcript
   12. Surveillance Video of Plaintiff's Deposition

In addition to the provisions of Rule 26, the parties shall prepare an Exhibit List stating the number and brief description of each exhibit they expect to present at trial. The Exhibit List must be submitted no later than **noon on November 21, 2017,** using Judge Rosenstengel's approved form (a revision of AO Form 187). The parties may request the template for the approved form by contacting Judge Rosenstengel's Courtroom Deputy Clerk, Deana Brinkley, at (618) 482-9342 or by email at Deana_Brinkley@ilsd.uscourts.gov. Detailed instructions for completing the Exhibit List are explained in Judge Rosenstengel's Case Management Procedures available on the Court's website, www.ilsd.uscourts.gov.

IX. **DAMAGES**

Plaintiff Ronald Burt is seeking $50,000 in compensatory damages for the physical harm caused and $50,000 for pain and suffering, together with injunctive relief requiring he be (1) seen by a specialist for his neck and back, (2) be provided an MRI of his neck and back and such other diagnostic testing as is needed or appropriate to diagnose the cause of his problems, (3) be provided proper pain medication and (4) receive any additional treatment the specialist or other doctors deem proper or shown to be proper based on the results of the MRI or other diagnostic testing.

X. **BIFURCATED TRIAL**

The parties do not request a bifurcated trial.

XI. **TRIAL BRIEFS**

The parties do not intend to file a trial brief.

## XII. MOTIONS *IN LIMINE*

Pending before the court are the following motions: (1) Motion *In Limine* to Exclude Evidence Relating to Plaintiff's Arrests and Convictions filed by Plaintiff (Doc. 224); (2) Motion *In Limine* to Bar Reference to Plaintiff's Conduct Violations or Disciplinary History While Incarcerated filed by Plaintiff (Doc. 225); (3) Motion *In Limine* to Exclude Non-Party Witnesses from the Courtroom During Trial filed by plaintiff (Doc. 226); (4) Motion *In Limine* (addressing multiple issues too numerous to list here) filed by Defendants John Trost, and Sam Nwaobasi (Doc. 227), and a Supplemental Motion in Limine filed by Defendants (Doc. 242). Defendant Jones has joined in all of the Motions in Limine filed by Dr. Trost and Dr. Nwaosabi.

The Court anticipates addressing these motions on the first day of trial, prior to voir dire. The parties should come prepared to argue the pending motions succinctly.

## XIII. JURY INSTRUCTIONS

Proposed jury instructions should be provided in Microsoft Word format by email to NJRpd@ilsd.uscourts.gov no later noon on **Tuesday, November 21, 2017**.

Each instruction should be marked to designate the party offering the instruction (e.g., "Plaintiff's Instruction No. 1" or "Parties Agreed Instruction No. 1") and the source of the instruction (e.g., "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions***. If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions. The Court will compile a packet of proposed final instructions and give the instructions to the parties during trial before a formal jury instruction conference is held.

## XIV. OTHER MATTERS

A. Trial Date. This matter is set for **JURY TRIAL** to begin on Tuesday, **November 28, 2017**. C**ounsel should arrive no later than 8:30 a.m.**
B. Length of Trial: The probable length of trial is **four days.**
C. Location of Trial: Trial shall be conducted in East St. Louis.
D. Number of Jurors: There shall be a minimum of six jurors; the Court intends to impanel eight jurors.
E. Voir Dire: The Court will conduct preliminary voir dire. Additional

follow-up questions shall be permitted by counsel. The Court will provide the parties with the jury questionnaires completed by the venire.

IT IS ORDERED that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**

DATED: September 14, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**